## George A. Sentel v. John E. Jennings.

1. PERSONAL PROPERTY—*when title of purchaser of, superior to claim of creditor.* Where one discharges a lien upon personal property and acquires title thereto by bill of sale and possession before an adverse claimant becomes a creditor of the former owner, the title of such vendor, in the absence of fraud or estoppel, is superior to the claim of such a creditor.

Statutory trial of right of property. Appeal from the County Court of Moultrie County; the Hon. E. D. HUTCHINSON, Judge, presiding. Heard in this court at the May term, 1905. Reversed, and judgment here. Opinion filed November 24, 1905.

R. M. PEADRO and W. K. WHITFIELD, for appellant.

FRANK SPITLER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal from a judgment of the County Court of Moultrie county entered in a proceeding instituted by appellant under the statute, for trial of right of property. The cause was tried by the court without a jury, and re-

sulted in a finding and judgment against appellant for costs, and an order that the sheriff proceed to sell the property involved. .

Oscar Binkley was a tenant farmer under a lease from one Reese, for the year 1904, for a rental of one-half of the Indian corn and one-third of the broom corn raised on the premises, and $100 in cash. August 22, 1904, Binkley gave J. E. Dazey a chattel mortgage on the property in controversy to secure the payment of $800 due November 22, 1904. September 28, 1904, the Colean Manufacturing Company obtained a judgment by confession against Binkley for $1,000, upon which judgment an execution issued and a levy was made on the property, subject to the landlord's lien for rent, and subject also to the chattel mortgage to Dazey. The property was advertised for sale under the execution, but before the day fixed for such sale appellant procured an assignment of the judgment, and at the sale thereafter held appellant became the purchaser of the property for the sum of $256.65 and costs, subject to the landlord's lien and chattel mortgage before mentioned. Thereafter appellant discharged the landlord's lien for rent, and on the maturity of the debt secured by the chattel mortgage, paid the same. November 23, 1904, to secure the payment of money advanced by appellant, Binkley gave him a chattel mortgage on that portion of the property in controversy claimed by Binkley as exempt from levy and sale under the execution issued on the judgment by confession in favor of the Colean Manufacturing Company, and on December 14, 1904, such chattel mortgage was satisfied, by a sale of the property therein described to appellant, who took possession of the same, together with the other property in controversy by his custodian. On December 23, 1904, appellant being advised of or fearing some irregularity in the sheriff's sale under which he was claiming title to the greater part of the property in controversy, ordered the issuance of an *alias* execution on the judgment referred to, which execution came into the hands of the sheriff at 10:25 o'clock A. M. of that day, with directions by

appellant to levy the same on said property.   On the same day at 10:40 o'clock A. M., while the sheriff was on his way to the farm to make the levy under the execution, Binkley executed a bill of sale of all the property in controversy to appellant in full satisfaction of his debt.   At about 3 o'clock P. M. on December 23, 1904, appellee purchased from the State Bank of Sullivan, for their face value, two notes, one for $100 and one for $200, executed by Binkley and Ansel P. Powell, and immediately had judgment entered thereon by confession, upon which judgment execution was issued and came into the hands of the sheriff at 6:30 o'clock P. M., who then endorsed a levy upon the property in question, as the property of Binkley.   On January 3, 1905, appellant entered satisfaction of the Colean Manufacturing Company's judgment on the judgment docket and instructed the sheriff to release the levy endorsed on the execution issued December 23rd on said judgment, and to return said execution not satisfied, and the same was accordingly done.

Appellant had claimed to be the owner of the property in controversy, and had been in the exclusive possession thereof by his custodian, Jacobs, since December 14th, and appellee had full knowledge of such claim of ownership and possession by appellant during that time.   There is no evidence of fraud in the case, and in the court below appellee did not contend that the transactions in question were vitiated by fraud.   Appellant had, in good faith, advanced the money necessary to liquidate the indebtedness which was a lien on the property, and had acquired title thereto by bills of sale and possession before appellee became a creditor of Binkley.

Notwithstanding the contention of appellee to the contrary, it is manifest that the case was tried in the court below on the theory that appellant was estopped, by his conduct, to deny that Binkley was the owner of the property on December 23rd, when the execution issued on appellee's judgment came into the hands of the sheriff.   If appellant had done nothing further than order an execution

issued on his judgment and place the same in the hands of the sheriff, with directions to make a levy, there would have been some force in appellee's position, but the bill of sale by Binkley to appellant was executed before any levy was made by the sheriff, and while appellant was in possession of the property. The judgment was satisfied in fact before the levy under the execution, and the execution, at the time of the levy, was without any judgment to support it.

The propositions of law, held by the court on the motion of appellee, are mainly predicated on the application of the doctrine of estoppel to the facts in the case. Appellee now practically concedes he does not rely on estoppel to support the judgment, and urges fraud as the ground of recovery. As before stated, there is no evidence of fraud in the case.

The judgment of the County Court is reversed and judgment will be entered in this court against appellee for costs, and that the property levied on be released.

*Reversed and judgment here.*